Gregory E. Smith
Heath A. Havey
SMITH & KOTCHKA
317 South Sixth Street
Las Vegas, Nevada 89101
(702) 382-1707

Attorneys for Defendant
Las Vegas Valley Water District

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PEGGY HARPER,            )
                         )
         Plaintiff,      )
                         )
v.                       ) NOTICE OF REMOVAL UNDER
                         ) 28 U.S.C. §1441
LAS VEGAS VALLEY WATER   )
DISTRICT, DOES I through X, ) (FEDERAL QUESTION)
inclusive,               )  CV-S-00-1325-KJD(-)
                         )
         Defendant.      )
                         )
                         )
_____)

Pursuant to the provisions of 28 U.S.C. § 1441, defendant Las Vegas Valley Water District hereby removes this action from the Eighth Judicial District Court In and For Clark County, Nevada, to the United States District Court for the District of Nevada on the ground of original federal question jurisdiction. In support of this removal, Las Vegas Valley Water District respectfully shows the following:

1. On October 13, 2000, an Amended Complaint was filed in the Eighth Judicial District Court In and For Clark County, Nevada, styled "Peggy Harper v. Las Vegas Valley Water District, Does I through X, inclusive," No. A420602 (the "State Court Action"). Plaintiff's first cause of action specifically alleges "Unlawful Discrimination" and sets forth allegations that she is of African-American ancestry and that she was subject to a racially hostile work environment and claims that Defendant violated "the public policy of ... the United States of America." In her second cause of action, Plaintiff alleges that she suffered from a disability and that Defendant is "in violation of the American with Disabilities Act" and also in violation of the Defendant's "obligation" under "state and federal statutes."

2. On October 17, 2000, Defendant Las Vegas Valley Water District was served with the Amended Complaint in the State Court Action. The original complaint was never served. This Notice of Removal is being filed within thirty days of service of the Amended Complaint and, therefore, is timely filed under 28 U.S.C. § 1446(b).

3. Removal of this action is appropriate because the federal courts would have original jurisdiction over this action under 28 U.S.C. § 1331, which confers original jurisdiction in the district courts of the United States over all civil actions arising under the Constitution, laws, or treaties of the United

2

States. Plaintiff's allegations allege conduct violative of Title VII, 42 U.S.C. § 2000e et seq. and 42 U.S.C. §12101 et seq.

4. Venue belongs in this United States District Court for the District of Nevada because it is located in the district and division within which the action is pending in accordance with 28 U.S.C. § 1446(a).

5. Because this case is a civil action over which the district courts of the United States have original jurisdiction, this action is removable from the state court to the United States District Court under the provisions of 28 U.S.C. § 1441.

6. Attached as Exhibit A to this Notice of Removal, and incorporated herein by reference, is a copy of Plaintiff's Summons and Amended Complaint in the State Court Action. No other process, pleading or order has been served in the State Court Action on the Las Vegas Valley Water District or, to its knowledge, on any other defendant.

7. Pursuant to 28 U.S.C. § 1446(d), the Las Vegas Valley Water District is serving today a copy of this Notice of Removal on the Plaintiff and shall promptly file a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court In and For Clark County, Nevada, thereby effecting removal pursuant to 28 U.S.C. § 1446.

WHEREFORE, defendant Las Vegas Valley Water District removes the above-entitled action now pending in the Eighth

Judicial District Court In and For Clark County, Nevada, Case No. A420602, to the United States District Court for the District of Nevada.

    Respectfully submitted,

    SMITH & KOTCHKA

By: /s/ *signature*
    Gregory E. Smith
    Heath A. Havey
    317 South Sixth Street
    Las Vegas, Nevada 89101

    Attorneys for Defendant
    Las Vegas Valley Water
    District

SMITH & KOTCHKA
ATTORNEYS AT LAW
317 SOUTH SIXTH STREET
LAS VEGAS, NEVADA 89101
TELEPHONE: (702) 382-1707

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 was served by mail in a first class, postage-paid envelope on this the 2nd day of November, 2000, to the following:

> Nicholas M. Wieczorek
> Esther C. Rodriguez
> Sharon L Nelson
> Wieczorek & Associates
> 3980 Howard Hughes Parkway
> Suite 400
> Las Vegas, NV 89109

Attorneys for Plaintiff

*Diane Knopf* (signature)
AN EMPLOYEE OF SMITH & KOTCHKA

SMITH & KOTCHKA
ATTORNEYS AT LAW
317 SOUTH SIXTH STREET
LAS VEGAS, NEVADA 89101
TELEPHONE: (702) 382-1707

```
AMND
NICHOLAS M. WIECZOREK
Nevada Bar No. 006170
ESTHER C. RODRIGUEZ
Nevada Bar No. 006473
SHARON L. NELSON
Nevada Bar No. 006433
WIECZOREK & ASSOCIATES
3980 Howard Hughes Parkway
Suite 400
Las Vegas, NV 89109
Telephone: (702) 862-8300
Facsimile: (702) 862-8400
Attorneys for Plaintiff
PEGGY HARPER
```

FILED

Oct 13   2 44 PM '00

CLERK

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PEGGY HARPER, | Case No.: A420602 |
| Plaintiff, | Dept. No.: XVII |
| vs. | Hearing Date: N/A |
| | Hearing Time: N/A |
| LAS VEGAS VALLEY WATER DISTRICT, DOES I through X, inclusive, | |
| Defendants. | **AMENDED COMPLAINT** |
| AND RELATED CLAIMS | |

COMES NOW Plaintiff, PEGGY HARPER, by and through her attorney, NICHOLAS M. WIECZOREK, ESQ, ESTHER C. RODRIGUEZ, ESQ, and SHARON L. NELSON, ESQ. of the law firm of WIECZOREK & ASSOCIATES, and complains of LAS VEGAS VALLEY WATER DISTRICT, and DOES 1 through X, and amends her Complaint as follows:

1. That at all times mentioned herein, Plaintiff, PEGGY HARPER (hereinafter referred to as "Plaintiff"), was and is a resident of the County of Clark, State of Nevada.

EXHIBIT A

2. That on information and belief, the Defendant, LAS VEGAS VALLEY WATER DISTRICT (hereafter referred to as "LVVWD"), was at all times mentioned herein, and still is, a business in operation in the County of Clark, State of Nevada.

3. The Defendants DOES 1 through X are sued herein by their fictitious names for the reason that their respective true names are unknown to the Plaintiff at time. When their true names are ascertained, Plaintiff will ask leave of the court to insert their true names herein, in the place and stead of their fictitious names. That at all times mentioned herein, each of the Defendants was the agent, employee, servant or corporate employer of the other and acting within the scope and purpose of said agency, employment, service or corporate activity. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is negligently or otherwise responsible in some manner for the acts, events, circumstances, and happenings complained of herein, and actually and proximately thereby caused the Plaintiff to suffer the expenses and damages hereinbelow alleged.

## FIRST CLAIM FOR RELIEF
### (UNLAWFUL DISCRIMINATION)

4. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 3 inclusive, as though fully set forth at length and made a part hereof.

5. On or about May 24, 1999, an employment offer was made to and accepted by Plaintiff for the position of WORK ORDER PROCESS SUPERVISOR in Defendant's Operations/Distributions Department. Plaintiff was responsible for the management of numerous employees.

6. Throughout her employment with LVVWD, Plaintiff, a black female, was subjected to a hostile and racially charged work environment by way of a verbally abusive confrontations with subordinates and racial comments and derogatory remarks.

7. Plaintiff reported the racial hostility to management of LVVWD on more than one occasion.

8. No action was ever taken in regards to Plaintiff's concerns of a hostile work environment by LVVWD. Instead, Plaintiff was notified on November 5, 1999 that she was being terminated from

-2-

LVVWD.

9. That no indications had been made by Defendant regarding problems with Plaintiff's job performance, written or verbal.

10. That at no time during Plaintiff's employment with Defendant, had an evaluation been completed regarding Plaintiff's performance, nor any written or verbal reprimands been filed in Plaintiff's personnel file.

11. The above-described conduct of each of the Defendants is oppressive, malicious and completely without justification.

12. The above-described conduct of each of the Defendants was done with wanton and willful disregard of the well-established and well-known legal rights of Plaintiff and violates the public policy of the State of Nevada and the United States of America.

13. Although Plaintiff filed charges in a timely fashion with the Nevada Equal Rights Commission, said agency has never conducted the settlement conference required by NRS 233.170 nor has any investigation been undertaken as is usual in that agency's handling of such charges.

14. Defendants knew of prior conduct of some of their employees to engage in behavior toward protected minority employees that was discriminatory based on their race and was often degrading, offensive, and unwelcome.

15. Defendants failed to take reasonably adequate steps to prevent race discrimination in their work places.

16. Defendants failed to institute effective policies to remedy complaints about conduct which might constitute race discrimination.

17. Defendants failed to properly investigate complaints of illegal discrimination fully and fairly and failed to assure that appropriate disciplinary action be taken against persons found to have engaged in inappropriate conduct and failed to protect complaining victims from further harassment and

-3-

retaliation.

18. Defendants allowed its employees to make humiliating comments about Plaintiff based on her race.

19. Defendants authorized and ratified the illegal and discriminatory conduct of Defendant's employees. Plaintiff was subjected to different terms and conditions of employment because of her race and the actions of Defendants toward Plaintiff had the purpose and effect of creating a hostile, abusive, and intimidating work environment and substantially impacting Plaintiff's work performance.

20. Defendants' acts were intentional and done with malice or with a wanton and willful disregard for the well-established and well-known legal rights of Plaintiff.

21. Plaintiff has been seriously harmed, both economically and emotionally, by Defendants' unlawful acts and she was entitled to be compensated therefor, in an amount in excess of $10,000.

22. It has been necessary for Plaintiff to retain the services of attorneys and she should be compensated therefore.

### SECOND CLAIM FOR RELIEF
### (DISABILITY)

23. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 22 inclusive, as though fully set forth at length and made a part hereof.

24. Defendants knew of Plaintiff's disability and medical condition as a diabetic.

25. That on or about November 4, 1999, Marcellus Jones, manager of the Distribution Department for Defendant, witnessed a routine blood sugar test performed in the private office of Plaintiff.

26. That on or about November 5, 1999, a day after having witnessed Plaintiff performing a blood sugar check, Marcellus Jones, on behalf of Defendant, notified Plaintiff that her employment was being terminated.

27. That the termination of employment being conducted by Defendant shortly after Marcellus Jones witnessed Plaintiff's medical condition is casually and directly in violation of the American with

Disabilities Act.

28. Defendants knew, or should have known, of their obligation, pursuant to state and federal statutes, to maintain a workplace free of discrimination based on disability.

29. Plaintiff has been subjected to unlawful acts of discrimination and unlawful employment decisions because of her disability.

30. Defendants failed to allow Plaintiff a reasonable accommodation for her disability and instead terminated her employment.

31. Plaintiff has been seriously harmed by this unlawful discrimination and entitled to be compensated therefore in an amount in excess of $10,000.00

32. That Plaintiff has been required to obtain the services of an attorney in order to prosecute this action, and she is entitled to recover reasonable attorney's fees plus costs of suit.

### THIRD CLAIM FOR RELIEF
### (PUNITIVE OR EXEMPLARY DAMAGES)

33. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 32 inclusive, as though fully set forth at length and made a part hereof.

34. The aforementioned conduct of the Defendants is malicious, oppressive and outrageous and is a conscious disregard of Plaintiff's rights and so Plaintiff is entitled to punitive or exemplary damages to punish and deter the individual Defendants, and each of them, for such conduct and set an example for others to deter them from such conduct.

35. As a result, Plaintiff has been harmed and has suffered the damages described above and is entitled to recover punitive or exemplary damages in an amount sufficient to punish the Defendants and deter others from engaging in such conduct in an amount in excess of $10,000.00

WHEREFORE, Plaintiff prays as follows:

1. A trial by jury on all issues;

2. Employment – related losses in an amount in excess of $10,000.00;

3. All compensatory damages in an amount in excess of $10,000.00';

4. Liquidated damages in an amount in excess of $10,000.00;

5. Pre-judgment interest;

6. Punitive damages in an amount sufficient to punish and deter the individual Defendants and all others from engaging in any such conduct in the future, in an amount in excess of $10,000.00;

7. Attorneys' fees and costs of suit incurred herein; and

8. For such other and further relief as the court shall deem just and proper.

Respectfully submitted this __13__ day of October, 2000.

                WIECZOREK & ASSOCIATES

By: _____
NICHOLAS M. WIECZOREK
Nevada Bar No. 006170
ESTHER C. RODRIGUEZ
Nevada Bar No. 006473
SHARON L. NELSON
Nevada Bar No. 006433
3980 Howard Hughes Parkway - Suite 400
Las Vegas, NV 89109
Attorneys for Plaintiff
PEGGY HARPER

-6-

# District Court

## Clark County, Nevada

2000 OCT 17 AM 10: 51

PEGGY HARPER
        Plaintiff,

--vs--

LAS VEGAS VALLEY WATER DISTRICT,
DOES I through X, inclusive,

        Defendant.

Case No. A420602

Dept. No. XVII

**SUMMONS**

---

**NOTICE! YOU HAVE BEEN SUED, THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit; within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court;
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

_[signature]_ 6473

WIECZOREK & ASSOCIATES
3980 Howard Hughes Parkway, Ste. 400
Las Vegas, Nevada 89109
Phone: 862-8300

Attorneys for

SHIRLEY PARRAGUIRRE, CLERK OF COURT

By: _BARRETT SHAW_     OCT 1 3 2000
    DEPUTY CLERK            DATE
County Courthouse
200 South Third Street
Las Vegas, Nevada 89155